UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MARINA GIACOMINA GARCIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.:  5:17-cv-01957-LCB |
| | ) |
| BLAKE L. DORNING, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Marina Garcia initially filed a complaint on November 20, 2017, regarding the discrimination she allegedly experienced as an employee with the Madison County Sheriff's Department. (Doc. 1). After a number of amendments and party dismissals, Plaintiff now asserts various claims against five Defendants in her Fourth Amended Complaint. (Doc. 105). The remaining Defendants in this action are: Madison County, Charles Berry, Blake Dorning, Jermie Howell, and David Jernigan. Each party moves to dismiss Plaintiff's complaint for being an impermissible shotgun pleading. For the reasons stated below, Defendants' motions are granted.

### I.    BACKGROUND

### A. Discrimination Allegations

1

Plaintiff Marina Garcia is a resident of Madison County, Alabama. (Doc. 105 at 3). She is a woman and is married to a man from Mexico, whose "race, ethnic and cultural identity and ancestry is Hispanic/Mexican." (*Id*.). Plaintiff began working as a Sheriff's deputy for the previous Madison County Sheriff in September 1995. (*Id*. at 4). Defendant Blake Dorning became the Madison County Sheriff on October 20, 2014. (*Id*. at 6). When he became Sheriff, Defendant Dorning allegedly established a policy that required women in the office "to understand and accept that 'men do what men do' in the workplace environment." (*Id*. at 7).

Plaintiff alleged that she was discriminated against because of her gender and her husband's race and national origin. (*Id*. at 9–11). For example, she asserted that Defendant Charles Berry required Plaintiff and female employees to perform tasks men did not have to do and assigned her "less desirable vehicles than male[]" employees. (*Id*. at 11). Plaintiff complained to Defendant David Jernigan, former Chief Deputy Sheriff of Madison County on January 12, 2016, about the discrimination she had experienced. (*Id*.). Defendant Jernigan did not receive her complaints well and "brow-beat her and threatened criminal prosecution against her" for showing evidence[1] of a sexual act that occurred in the office. (*Id*.). Defendant Jernigan then demoted her to School Resource Officer (SRO) starting January 13,

---

[1] Plaintiff recorded two employees engaged in sexual activity in her office chair.

2

2016. (*Id*. at 6). Plaintiff had worked in the Sex Offender Registration Notification Act (SORNA) office since October 24, 2014. (*Id*.).

On February 1, 2016, Plaintiff talked to Defendant Jermie Howell, Director of the Personnel/Human Resources Department of Madison County, about her demotion and discrimination she experienced in the office. (*Id*. at 13). Plaintiff did not hear anything further from Defendant Howell about her concerns and he "took no effective action to address [Plaintiff's] complaints." (*Id*. at 14). After filing two EEOC charges, she was reassigned to the SORNA office on February 3, 2017. (*Id*. at 7). Plaintiff was formally disciplined on April 5, 2018, for "insubordination, videotaping, and for allegedly refusing to go to internal affairs." (*Id*.).

### B. Procedural History

Plaintiff initially filed this action on November 20, 2017. (Doc. 1). Defendants moved to dismiss, or alternatively for more definite statement because of its excessive and unreadable length.[2] (Doc. 5). She was then ordered to file an amended complaint that was not a shotgun pleading and that complied with the requirements of the Federal Rules of Civil Procedure. (Doc. 13 at 2). Plaintiff's first amended complaint was filed on March 7, 2018. (Doc. 17). Plaintiff's original counsel, Michael Weathers, moved to withdraw as her attorney on April 11, 2018. (Doc. 39). Plaintiff's current attorney, Kerri Johnson Riley, moved to file a second amended

---

[2] The original complaint was 625 pages with 1,618 numbered paragraphs.

complaint to address the deficiencies of the first amended complaint on July 16, 2018. (Doc. 51). After being allowed to file another complaint, Plaintiff moved to file a third amended complaint on September 19, 2018. (Doc. 66). Once Plaintiff filed the complaint, each remaining defendant moved to dismiss the complaint in part because it was a shotgun pleading. (*See* Docs. 70, 72, 74, 76, 78).

On August 16, 2019, this Court held a hearing with both parties about the issues with Plaintiff's complaint. The parties were ordered to meet so Defendants could discuss their objections with Plaintiff's complaint. (Doc. 102). Plaintiff was also ordered to file a fourth amended complaint. (*Id.*). Once Plaintiff filed the present complaint, each Defendant again filed motions to dismiss. Their motions alleged, in part, that Plaintiff's new complaint again was an impermissible shotgun pleading. Because Plaintiff has had many opportunities to correct these mistakes, all Defendants argue that this complaint should be dismissed with prejudice. (*See* Docs. 113, 115, 117, 119, 121).

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a civil claim may be dismissed for failing "to state a claim upon which relief can be granted." While the complaint need not include "detailed factual allegations" to survive, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), it must offer more than "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007). To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When reviewing a motion to dismiss, a court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Hunt v. Aimco Properties*, 814 F.3d 1213, 1221 (11th Cir. 2016). A party's vague recitation "of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

### A. Shotgun Pleading

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 10(b) provides

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

Complaints that violate these rules separately or in tandem "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792

F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four types of general pleadings that fall into this category.

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland*, 792 F.3d at 1321–24 (footnotes omitted). Not only are shotgun pleadings difficult to understand, they fail "to give the defendants notice of the claims against them and the grounds upon which each claim rests." *Id*. *See also Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (The Court determining that a characteristic of a shotgun pleading is that it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.")  A district court, as a part of its "inherent authority to control its docket," can dismiss a shotgun pleading. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing *Weiland*, 792 F.3d at 1320). However, the Eleventh Circuit mandates that district courts "sua sponte allow a litigant one chance to remedy such deficiencies." *Id*.

Defendants all contend that despite the Court's instruction for Plaintiff to remedy the flaws of her complaint, the current iteration remains defective. Plaintiff argues that her amended complaint is not a shotgun pleading because she does not incorporate the facts into other counts but lists them in discrete paragraphs. (Doc. 130 at 10). She defends organizing her complaint this way as to avoid repeating facts and to demonstrate the totality of the discrimination she experienced. (*Id.*).

In Plaintiff's third amended complaint, she began each of the nine counts with "[Plaintiff] re-alleges paragraphs 1-92, to the extent not inconsistent herewith, as if fully set out herein." (*See* Doc. 68 at 15–26). While Plaintiff altered the organization of the facts in this complaint, this does not save the pleading from its fundamental deficiencies. For example, in Count I, Plaintiff alleges sex discrimination against Defendant Dorning and Madison County as her employers. She states

> [Plaintiff's] employers willfully and maliciously discriminated against her, with reckless disregard for her rights, by failing to provide her with a workplace free of discrimination in the terms, conditions and privileges of employment and subjecting her to unequal treatment, all based on her sex, female. The wrongful and unfair conduct described in this Complaint in Paragraphs 1-89 constitutes unlawful sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. 105 at 16–17). It is unclear from this complaint which of these 89 paragraphs support Plaintiff's sex discrimination allegation. This large swath of facts includes information about Plaintiff's promotion and issues she had with other Defendants. Without proper delineation of the allegations, it is uncertain what conduct Plaintiff

is outlining as unlawful sex discrimination so as to put these Defendants on notice. This same count structuring is repeated throughout her complaint. (*See id*. at 17, 21, 29, 39). Despite her reorganization of the allegations, Plaintiff continued to incorporate large amounts of indistinguishable facts in her complaint.

Plaintiff's complaint is also replete with conclusory allegations. For instance, in Count VI, Plaintiff accuses Dorning of violating her 14th Amendment rights by treating her unequally because of her sex. (*Id*. at 27). She again incorporates paragraphs 1–89 of the complaint into this count, and added that Dorning "implicitly or explicitly adopted, ratified, condoned, authorized, executed, and/or implemented the reckless, deliberately indifferent and unlawful policies, customs, practices and procedures described herein…" (*Id*. at 27). The Plaintiff does not specify which of the 89 paragraphs support these conclusory accusations.  Thus, Count VI does little to help Defendants understand the charges being leveled against them. This error is repeated throughout the complaint. (*See id*. at 33, 38, 48).

Some of her counts also combine multiple causes of action in one allegation. For example, Count X provides Defendant Jernigan "violated [Plaintiff's] clearly established rights under the 14th amendment and 42 U.S.C. § 1983 as alleged in Paragraphs 1-89 in this Complaint, to be free from the unlawful acts and omissions alleged herein, which constitute sex discrimination, a sexually hostile environment, and unequal treatment in the workplace based upon her sex." (*Id*. at 39).  In order to

prove deliberate indifference to sex discrimination and a sexually hostile work environment, the plaintiff will have to prove each of those causes of action. However, claims of sex discrimination and claims of sexually hostile work environments do not contain identical elements. *Compare E.E.O.C. v. Joe's Stone Crab*, *Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000) (holding to make a *prima facie* discrimination claim with circumstantial evidence, a party must show: she is a member of a protected class; suffered an adverse employment action; similarly situated male employees were treated better; and she is qualified to do the job), *with Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (holding a hostile work environment claim under Title VII must show: plaintiff is a part of a protected group; she experienced unwelcome harassment; harassment was based on a protected characteristic; harassment was "sufficiently severe or pervasive to alter the terms and conditions of employment;" and the employer is responsible based on vicarious liability.) Thus, this count impermissibly combines two causes of action, sex discrimination and sexually hostile work environment, in one count. *See Weiland*, 792 F.3d at 1322–23. This same violation is also repeated in Count XIII of the complaint. (*See* Doc. 105 at 47).

    A characteristic of a shotgun pleading is that it fails to put a defendant on notice of the claims brought against him. Despite receiving many opportunities to cure this deficiency, the fourth amended complaint is still not acceptable. The

Plaintiff has been given specific instruction as to how a complaint should be pleaded, (*See* Docs. 13 & 102) and has been given multiple opportunities to file a proper pleading. However, the Plaintiff has failed to make the necessary corrections. There is very little that is substantively different from Plaintiff's third amended complaint and the present one. This complaint simply reorganized the facts in each count into slightly smaller sections. While the Court agrees with the Plaintiff's contention that the totality of the facts is necessary to give context to her claims, that could have been accomplished without rendering the complaint a shotgun pleading. The complaint, as written, leaves to Defendants – and to the Court – much of the work in determining which facts support each cause of action. Accordingly, the Court finds that this complaint is a shotgun pleading and is due to be dismissed with prejudice.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's complaint is an impermissible shotgun pleading. Accordingly, Defendants motions to dismiss (Docs. 113, 115, 117, 119, 121) are **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. A separate order will be entered consistent with this opinion.

**DONE and ORDERED** this August 27, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE